UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NAKIA LEA MICHAEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:14-cv-01445-JAR |
| ) | |
| ANDREW M. SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

# **MEMORANDUM AND ORDER**

This matter is before the Court on a Motion for Attorney Fees filed by Plaintiff's counsel. (Doc. 23.) Counsel Eddy Pierre and Charles E. Binder seek $15,118.50 in fees pursuant to 42 U.S.C. § 406(b). (*Id*.)

In its prior order, the Court summarized the factual background of this case:

> [Plaintiff] filed an application for supplemental security income and disability insurance benefits on February 28, 2011,and March 3, 2011respectively. (Tr. 128-143) The Social Security Administration ("SSA") denied [her] applications on May 12, 2011. (Tr.68-70) She filed a timely request for a hearing before an administrative law judge ("ALJ") on July 11, 2011. (Tr. 83-84) Following a hearing, the ALJ issued a written decision on December 27, 2012, upholding the denial of benefits. (Tr.22-40) [Plaintiff] requested review of the ALJ's decision by the Appeals Council. (Tr.21) On June 20, 2014, the Appeals Council denied [her] request for review. (Tr. 4-8)

(Doc. 16 at 1-2.) Later in that order, the Court found that the Appeals Council erred in refusing to consider a new and material report regarding Plaintiff's psychiatric or psychological impairments. (*Id*. at 12.) The Court then reversed the Commissioner's decision and remanded the case for reconsideration in light of the report. (*Id*.) Thereafter, the Court granted Plaintiff's

1

counsel's request for $5,875.20 in attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 21.)

Plaintiff has since obtained a favorable judgment and is receiving benefits. (*See* Doc. 23-3.) Counsel now move for fees under 42 U.S.C. § 406(b). (Doc. 23.) Section 406(b) reads:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

Defendant does not object to counsel's motion for awards under § 406(b). (Doc. 24.)

The Court therefore need only determine that counsel's requested award is reasonable in this case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Counsel may be awarded up to 25% but the Court has discretion to reduce counsel's recovery "based on the character of the representation and the results the representative achieved." *Id*. at 808. "Although the contingency agreement should be given significant weight in fixing a fee, a district judge must independently assess the reasonableness of its terms." *Id*. (quoting *McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989)).

The Court has independently reviewed the record and finds that the § 406(b) request is reasonable given the unique facts in this case. Plaintiff filed a contingency fee agreement with counsel for "twenty-five percent (25%) of the past due benefits due me and my family pursuant to 42 U.S.C. § 406 of the Social Security Act." (Doc. 23-3.) As noted, the parties agree that 25% of Plaintiff's past-due benefits totals $15,118.50. (*See* Docs. 23-1, 24.) The Court will therefore grant counsel's motion for fees under 42 U.S.C. § 406(b).

Defendant does not object to counsel's motion for awards under § 406(b), but he asserts that counsel may not "double-dip" by receiving fee awards under both the EAJA and § 406(b).

(Doc. 24.) As such, Defendant asks the Court to expressly order Mr. Binder to reimburse Plaintiff in the amount of the prior award. (Doc. 24 at 2.)

Defendant is correct that counsel must account for fees awarded under the EAJA. *Little v. Berryhill*, No. 2:14-CV-34 NAB, 2017 WL 4616908, at *2 (E.D. Mo. Oct. 16, 2017) ("[U]nder the EAJA, Plaintiff's counsel is obligated to reimburse Plaintiff the fees she was previously awarded under the EAJA.") However, the Court will not include an express directive to counsel. Mr. Binder "is aware that the lesser of this award, the fees awarded under the EAJA, are to be refunded to Plaintiff . . . [and t]he Court fully expects counsel to comply with this obligation." *Little*. 2017 WL 4616908, at *2 (*see* Doc. 23-2 at ¶ 14 (Mr. Binder represents that he "will remit the previously awarded EAJA fee of $5,875.20 directly to Plaintiff" upon receipt of the § 406(b) award.)) That said, the Court will direct counsel to file a notice with the Court certifying that the EAJA funds were remitted to Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that Motion for Attorney Fees filed by Plaintiff's counsel (Doc. 23), is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's counsel **SHALL FILE** a notice with the Court certifying that the $5,875.20 EAJA award has been remitted to Plaintiff.

Dated this 21st day of November, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE